IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRENTON LOVELL REED, | : | |
| Fed. Reg. No. 49354-018, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-108-TWT-JSA |
| DARLENE DREW, | : | |
| Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner Brenton Lovell Reed, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his conviction and sentence in the United States District Court for the Middle District of Florida. The matter is currently before the Court on the petition [Doc. 1] and the response with supporting brief and attached exhibits [Doc. 7].

I.  Procedural History

On March 28, 2007, a grand jury in the Middle District of Florida entered an indictment against Petitioner and charged him, along with three co-defendants, with conspiracy to possess with the intent to distribute 500 grams or more of

AO 72A
(Rev.8/82)

cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 846. (Doc. 7, Attach. 1).[1] Petitioner entered a guilty plea to that charge on August 9, 2007, pursuant to a plea agreement containing a waiver of Petitioner's appellate and collateral rights ("appellate waiver").[2]  (Doc. 7, Attach. 3 at 13-14, Attach. 4).

On March 10, 2008, after applying a firearms sentencing enhancement over Petitioner's objection, the sentencing court sentenced Petitioner to 188 months to serve, to be followed by forty-eight months of supervised release. (Doc. 7, Attach. 6 at 4, 8-9, Attach. 7).  Petitioner did not appeal his conviction or sentence.

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court on February 17, 2009.  (Doc. 7, Attachs. 8, 9).  Therein, Petitioner raised three grounds for relief: (1) counsel was ineffective at sentencing for failing to raise any argument other than an objection against the firearm enhancement; (2) the court erred in imposing a firearm enhancement to Petitioner's sentence because a co-defendant allegedly had a gun; and (3) Petitioner's sentence was excessive.

---

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

[2] Petitioner's plea, entered before a magistrate judge, was accepted by the district court on October 22, 2007.  (Doc. 7, Attach. 5).

2

(Doc. 7, Attachs. 8, 9). On July 9, 2009, the sentencing court denied Petitioner's § 2255 motion. (Doc. 7, Attach. 10). Although the court noted that the plea agreement contained an appellate waiver, it considered and denied Petitioner's claims on the merits. (Doc. 7, Attach. 10). Petitioner did not appeal that denial to the Eleventh Circuit.

Petitioner filed the instant § 2241 habeas corpus petition in this Court on January 12, 2015, and essentially attempts to relitigate his claim that he should not have received the firearm enhancement based on a co-defendant's possession of a firearm. (Doc. 1). He claims that he is actually innocent of the firearms enhancement and therefore qualifies under the savings clause of § 2255. (*Id.* at 5). For the following reasons, **IT IS RECOMMENDED** that the habeas petition be **DISMISSED** for lack of jurisdiction.

II.   Discussion

When a conviction has become final, a federal prisoner usually may challenge the legality of his detention only through a § 2255 motion. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013); *Lancaster v. Warden, FCC Coleman-Medium*, 433 F. App'x 783, 784 (11th Cir. 2011); *see also Hill v. Warden, FCC Coleman-USP II*, 364 F. App'x 587, 588 (11th Cir.

3

2010) ("Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255."); *Wattleton v. Beeler*, 186 F. App'x 852, 852-53 (11th Cir. 2006) ("Section 2255 is the primary method to collaterally attack a federal sentence."). The "savings clause" of § 2255(e), however, allows a federal prisoner to bring a habeas corpus petition under § 2241, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Whether the savings clause applies to open a portal to review under § 2241 "is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." *Bryant*, 738 F.3d at 1262. "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).

In the Eleventh Circuit, a petitioner may invoke the savings clause only when his § 2241 claim arises from a Supreme Court decision, issued after his first § 2255 proceeding, that at a minimum both (1) applies retroactively to cases on collateral review and (2) overturns controlling Circuit precedent that had squarely foreclosed the claim in the petitioner's trial court proceedings, on direct appeal,

4

and in his first § 2255 motion. *Bryant*, 738 F.3d at 1274. Moreover, "the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc) (quotation marks omitted).

Petitioner relies on the Supreme Court's 1995 decision in *Bailey v. United States*, 516 U.S. 137 (1995), and the Fifth Circuit's 2001 opinion in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), to support this Court's authority under § 2241. (Doc. 1). Neither of these cases, however, meet the requirement that Petitioner's § 2241 claim arises from a Supreme Court decision that was decided after Petitioner's § 2255 proceedings that occurred in 2009, and Petitioner's claim was, in fact, raised in his § 2255 proceeding. To the degree that Petitioner argues that he is actually innocent of the firearm enhancement, any such claim is misplaced, since "one cannot be actually innocent of a sentencing enhancement." *Bryant*, 738 F.3d at 1285. Petitioner, therefore, has not demonstrated that his § 2241 properly invokes the savings clause, and this Court lacks subject matter jurisdiction over the petition.

5

IV. Conclusion

In light of the foregoing analysis, **IT IS HEREBY RECOMMENDED** that the instant petition under 28 U.S.C. § 2241 [Doc. 1] be **DISMISSED** for lack of subject matter jurisdiction.[3]

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 28th day of July, 2015.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[3] It also appears that the appellate waiver in this case would bar Petitioner from raising his claims; however, the undersigned does not address this issue since Petitioner has not met the requirements of the savings clause.

AO 72A
(Rev.8/82)